UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

2022 JUL -6 PM 2:55

CLERK, US DISTRICT COURT

UNITED STATES OF AMERICA

v.   CASE NO. 8:22-cr-241 MSS-JSS

CHRISTOPHER MADIEDO   18 U.S.C. § 1343

# INFORMATION

The United States Attorney charges:

## COUNT ONE
(Wire Fraud)

### A.   Introduction

At times relevant to this Information:

1. Company 1 was an agribusiness with world-wide business activities that spanned the full supply chain, ranging from production to distribution. Company 1 maintained its North American Office in Tampa, Florida.

2. CHRISTOPHER MADIEDO resided in Hernando County, Florida with his wife, Desiree Madiedo.

3. In or about 2004, Desiree Madiedo was hired by Company 1 to work in its Tampa office as a receptionist. She was later assigned to work in the company's accounting and office management department, handling the Tampa office's accounts receivable and accounts payable. She was also involved in the administration of Company 1's North American Office bank accounts, payroll

processing, and the company's credit card account maintained with Credit Company A.

4.   In or around January 2007, Desiree Madiedo was provided with a copy of Company 1's employee handbook that articulated the company's policies and procedures, which she signed. That handbook included a section that set forth the company policy concerning use of a Company 1 credit card:

> [Company 1] will provide at its discretion, a corporate credit card to be used for valid business expenses . . . . Employees must submit receipts for all expenses incurred on the company credit card along with an approved expense report.   * * *   The Company credit card is not to be used for personal expenses.

5.   In or around May 2014, Company 1's North American Office Chief Financial Officer was terminated from employment, and Desiree Madiedo's duties and responsibilities were expanded to include administration and reconciliation of Company 1's credit card account with Credit Company A. Among other additional tasks, Desiree Madiedo was thereafter responsible each month for: (i) collecting the Company 1 Tampa office employees' expense account reports, which included reported charges made by the employees against the Company 1 credit card; (ii) reconciling the expense account reports; (iii) properly entering appropriate business expenditures into the Company 1 books and records; and (iv) ensuring that any necessary payment was made to Credit Company A to cover charges made against Company 1's credit card account. Desiree Madiedo was also responsible for compiling monthly the employees' associated hardcopy expense account reports and

maintaining the reports in a filing cabinet in the Tampa office for any later review and auditing purposes.

6. Desiree Madiedo was issued Company 1 credit cards on the company's account with Credit Company A (collectively "Desiree Madiedo's Credit Company A card").

### B. The Scheme and Artifice

7. Beginning in or around May 2014, and continuing through at least in or around January 2018, in the Middle District of Florida and elsewhere, the defendant,

CHRISTOPHER MADIEDO,

together with Desiree Madiedo, did knowingly and intentionally devise and intend to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises about a material fact.

### C. The Manner and Means of the Scheme and Artifice

8. The manner and means by which co-schemers CHRISTOPHER MADIEDO and Desiree Madiedo sought to accomplish the scheme and artifice included, among others, the following:

    a. It was a part of the scheme and artifice that Desiree Madiedo would and did cause Company 1 to establish an automatic monthly payment to be made from a Company 1 bank account to Credit Company A to cover charges made by Company 1 employees against the Credit Company A account;

3

b.  It was a further part of the scheme and artifice that, in or after May 2014, the co-schemers would and did utilize Desiree Madiedo's Credit Company A card to purchase more than approximately $342,155 in personal items and services, which often caused interstate wire transmissions to occur between the points of sale and the Credit Company A charge authorization server located in Phoenix, Arizona;

c.  It was a further part of the scheme and artifice that Desiree Madiedo would and did collect monthly Company 1 expense account reports for all employees working in the Tampa office, reconcile the reports for all Tampa office employees other than herself, enter appropriate business expenditures made by said employees into Company 1's books and records, and ensure that the entire outstanding balance due Credit Company A—that included charges made against Desiree Madiedo's Credit Company A card—was paid;

d.  It was a further part of the scheme and artifice that Desiree Madiedo would not and did not account for personal expenditures charged by the co-schemers using Desiree Madiedo's Credit Company A card;

e.  It was a further part of the scheme and artifice that Desiree Madiedo would and did compile monthly Company 1 hardcopy expense reports for all Tampa office employees other than herself and maintain the reports in a Company 1 filing cabinet, thereby making it appear as if Desiree Madiedo was

4

administering the Company 1 credit card account in accordance with Company 1 policies and procedures; and

      f.     It was a further part of the scheme and artifice that the co-schemers would and did perform acts and make statements to promote and achieve the scheme and artifice and to misrepresent, hide, and conceal the scheme and artifice and the acts committed in furtherance thereof.

### D. Execution of the Scheme and Artifice

9. On or about the date set forth below in each count, in the Middle District of Florida and elsewhere, the defendant,

### CHRISTOPHER MADIEDO,

for the purpose of executing the aforesaid scheme and artifice, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, a writing, sign, signal, picture, and sound as described below:

| COUNT | DATE | NATURE OF WIRE TRANSMISSION |
|---|---|---|
| ONE | July 23, 2017 | Transmission from the Middle District of Florida to the Credit Company A charge authorization server located in Phoenix, Arizona, associated with the online purchase of a pink kayak from a Tampa Bay area retail store |

In violation of 18 U.S.C. § 1343.

## FORFEITURE

1. The allegations contained in Count One of this Information are incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2. Upon conviction of a violation of 18 U.S.C. § 1343, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

3. The property to be forfeited includes, but is not limited to, an order of forfeiture in the amount of at least approximately $342,155, which represents proceeds obtained from the offense.

4. If any of the property described above, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

ROGER B. HANDBERG
United States Attorney

By: _____
Jay G. Trezevant
Assistant United States Attorney

By: _____
Rachelle DesVaux Bedke
Assistant United States Attorney
Chief, Economic Crimes Section